UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BARBARA MCCOURTNEY-BATES,

    Plaintiff,

v.                                         Case No: 5:15-cv-308-Oc-30PRL

CITRUS COUNTY SHERIFF JEFFREY
J. DAWSY and RONALD KEITH
CZECHOWSKI,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Citrus County Sheriff Jeffrey J. Dawsy's Motion for Summary Judgment (Doc. 25), Plaintiff's response in opposition (Doc. 33), and Sheriff Dawsy's reply (Doc. 36). The Court, having reviewed the motion, response, and reply,[1] and being otherwise fully advised in the premises, concludes that Sheriff Dawsy's motion should be granted.

### UNDISPUTED FACTS

Plaintiff initiated this action on June 22, 2015, against Sheriff Dawsy and Ronald Keith Czechowski, alleging claims against Sheriff Dawsy for (1) violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725, and (1) violation of 42 U.S.C.

---

[1] Sheriff Dawsy also supplied the Court with supplemental authority on May 27, 2016, which the Court also considered in resolving the motion. (Doc. 37).

§ 1983. (Doc. 1). Plaintiff was involved in litigation against St. Lucie County from 2002 until 2012, which was publicized regionally. As an individual who received public scrutiny, Plaintiff requested and received an audit from Florida's Driver and Vehicle Information Database ("DAVID") in 2013, which revealed that Plaintiff's motor vehicle records were accessed on October 10, 2007, by Ronald Keith Czechowski, an employee of the Citrus County Sheriff's Office. Plaintiff asserts that her records were accessed for an impermissible purpose in violation of the DPPA. Sheriff Dawsy never informed Plaintiff of the access.

## DISCUSSION

### A. Standard of Review

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

**B. Analysis**

Sheriff Dawsy currently asserts that Plaintiff's claims under the DPPA and § 1983 are barred by the applicable four-year statute of limitations since the violation occurred in 2007 and Plaintiff did not initiate this lawsuit until 2015. (Doc. 25). Plaintiff counters that the action began to accrue on the date that she discovered the violation (in 2013) because the statute of limitations was tolled by Sheriff's Dawsy's failure to inform her of the impermissible access of her records. (Doc. 33).

Recently, the Eleventh Circuit, addressing a question of first impression in this Circuit, concluded that claims under the DPPA accrue at the time of the alleged violation and not when the violation is discovered. *Foudy v. Miami-Dade County*, No. 15-12233, 2016 WL 2909140 (11th Cir. May 19, 2016). This Court is bound by that decision and does not find it necessary to repeat the analysis here. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992). Thus, Plaintiff's claim accrued in October 2007 when the violation allegedly occurred. Because Plaintiff's DPPA claim has a four-year statute of limitations, as does her § 1983 claim, Plaintiff's claims are time-barred. *See Foudy*, 2016 WL 2909140, at *2 (concluding that the four-year limitations period under 28 U.S.C. § 1658(a) applies to a DPPA claim); *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 n. 5 (2005) (noting that the four-year limitations period of § 1658(a) applies to a § 1983 claim where that claim is based on a substantive right created by federal statute).

Plaintiff does not dispute that the four-year limitations period applies to her claims. Rather Plaintiff argues that she is entitled to equitable tolling of the statute of limitations because the Sheriff failed to inform her of the breach of her information as required by Florida Statute § 817.5681(1)(a), which provides:

> Any person who conducts business in this state and maintains computerized data in a system that includes personal information shall provide notice of any breach of the security of the system, following a determination of the breach, to any resident of this state whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person. The notification shall be made without unreasonable delay, consistent with the legitimate needs of law enforcement, as provided in subsection (3) and paragraph (10)(a), or subject to any measures necessary to determine the presence, nature, and scope of the breach and restore the reasonable integrity of the system. Notification must be made no later than

> 45 days following the determination of the breach unless otherwise provided in this section.

Fla. Stat. § 871.5681(1)(a) (repealed July 1, 2014). According to Plaintiff, this failure to provide notice amounted to the active concealment of fraud. But Plaintiff's reliance on this statute is misplaced. The statute specifically contemplates that there is knowledge of the breach prior to providing notice. *See* Fla. Stat. § 817.5681(1)(a) (requiring notification of a breach of the security of a system containing personal information "following determination of the breach"). Plaintiff has neither alleged nor demonstrated that Sheriff Dawsy determined a breach had occurred such that the duty to notify was triggered. More important, Plaintiff has also failed to allege that Sheriff Dawsy had knowledge of the breach and attempted to conceal the breach from Plaintiff. This argument is therefore unpersuasive and Plaintiff is not entitled to equitable tolling of the statute of limitations.

## CONCLUSION

Because Plaintiff's claims are time-barred, Sheriff Dawsy is entitled to summary judgment.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Defendant Citrus County Sheriff Jeffrey J. Dawsy's Motion for Summary Judgment (Doc. 25) is GRANTED.

2. The Clerk is directed to enter judgment in favor of Defendant Citrus County Sheriff Jeffrey J. Dawsy and against Plaintiff Barbara McCourtney-Bates.

3. The Clerk is directed to close this case.[2]

**DONE** and **ORDERED** in Tampa, Florida, this 9th day of June, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[2]It appears that Plaintiff never perfected service on Defendant Ronald Keith Czechowski and therefore he never appeared nor defended this case. (Doc. 11). Plaintiff's failure to prosecute her DPPA claim against Mr. Czechowski would normally result in dismissal of her claim. But the issue is now moot since the case is closed. Additionally, any claims under the DPPA against Mr. Czechowski relating to the October 10, 2007 violation would also be time-barred.